IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL L. WETENDORF, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 07-3210 |
| ) | |
| GREGORY C. SIMS, Warden, ) | |
| Taylorville Correctional Center,[1] ) | |
| ) | |
| Respondent. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Subject-Matter Jurisdiction (d/e 10). Petitioner Daniel L. Wetendorf filed a Response to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction (d/e 13). For the reasons stated below,

---

[1] Wetendorf filed his Petition against Andy K. Ott, Warden of the Graham Correctional Center. At the time, Wetendorf was incarcerated at the Graham Correctional Center. Since filing his Petition, however, Wetendorf has been transferred to the Taylorville Correctional Center, in Taylorville, Illinois. Gregory C. Sims is now the proper Respondent. See Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts; Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Thus, the Court substitutes Sims for Ott. See Bridges v. Chambers, 425 F.3d 1048, 1049-50 (7th Cir. 2005).

1

the Motion is allowed, and Wetendorf's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 1) is dismissed for lack of subject matter jurisdiction.

In 1995, a jury in the Circuit Court of Champaign County, Illinois, convicted Wetendorf of attempted murder, aggravated assault, and aggravated stalking. Wetendorf was sentenced to 40 years imprisonment on the attempted murder conviction, three years imprisonment on the aggravated assault conviction, and five years imprisonment on the aggravated stalking conviction. After unsuccessfully pursuing his state appellate and postconviction options, on April 26, 2001, he filed in this Court a petition for writ of habeas corpus challenging his convictions and sentence. See Cent. Dist. of Ill. Case No. 01-2101. On January 3, 2003, the Court denied his petition on the merits and for procedural default. See Cent. Dist. of Ill. Case No. 01-2101 Order issued January 3, 2003 (d/e 17); Motion to Dismiss, Exhibit D, Judgment and Order. On July 27, 2007, Wetendorf filed the instant Petition, which attacks the same 1995 Illinois convictions and sentence, though on different grounds. Wetendorf did not seek prior authorization from the Seventh Circuit to file a successive petition.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner in custody on a state conviction must follow a "stringent set of procedures" if he wishes to file a "second or successive" habeas corpus petition. Burton v. Stewart, 549 U.S. 147, 127 S.Ct. 793, 796 (2007); see also 28 U.S.C. § 2244(b). So long as the first petition was denied on the merits or for procedural default, any subsequent petition attacking the same custody imposed by the same judgment is a second or successive petition. Pavlovsky v. VanNatta, 431 F.3d 1063, 1064 (7th Cir. 2005); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003).

Wetendorf's first petition counts; it was dismissed on the merits and for procedural default. His instant Petition challenges the same custody and judgment, so it counts as well. Thus, before filing the instant Petition, Wetendorf was required to request the Seventh Circuit's permission, following the procedures set out in Seventh Circuit Rule 22.2. He did not do so, and this requirement is a jurisdictional one. Lambert v. Davis, 449 F.3d 774, 777 (7th Cir. 2006). Because this Court lacks subject matter jurisdiction, it has no authority to consider Wetendorf's case.

THEREFORE, Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Subject-Matter Jurisdiction (d/e 10) is

ALLOWED. Petitioner Daniel L. Wetendorf's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 1) is dismissed for lack of subject matter jurisdiction. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: July 3, 2008

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE